U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*



Judiciary Center
555 Fourth St., N.W.
Washington, D C  20530

CR 07 - 258-RWR

September 25, 2007

Carlos Vanegas, Esquire
Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004

FILED

OCT 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>United States</u> v. <u>Lewis Cook</u>

Dear Mr. Vanegas:

This letter sets forth the full and complete plea offer to your client, Lewis Cook. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on October 4, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.  **Charges**: Mr. Cook waives indictment and agrees to the filing of a one-count criminal information charging a violation of 18 U.S.C. §115 (threatening a United States employee). Mr. Cook agrees that he will plead guilty to this offense and that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court and entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Cook agrees that the attached "Statement of the Offense" fairly and accurately describes his actions. It is anticipated that during the Rule 11 plea hearing, Mr. Cook will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.  **Potential penalties, assessments, and restitution**: Mr. Cook understands that pursuant to 18 U.S.C. §§ 115(a)(4); 3559(a)(4), 3571(b)(3), and 3561 (c)(1)  the maximum sentence that can be imposed is six years, a fine of $250,000, a $100 special assessment, one to five years' probation, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum

-2-

sentence, Mr. Cook understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. §3553(a), including a consideration of the guidelines and policies promulgated by the U.S. Sentencing Guidelines ("U.S.S.G."). Mr. Cook understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Cook further understands that if the Court imposes a sentence which is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3. **Sentencing Guidelines**: The parties agree that based on the facts currently known to the government, the offense for which the defendant is pleading guilty is government by U.S.S.G. §2A6.1, which sets the base offense level at 12. The parties agree that the offense involved more than two threats, resulting in the application of 2 additional levels under §2A6.1(b)(2), and that no other specific offense characteristics apply.

Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to USSG § 3E1.1(a).

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see USSG, Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, see USSG, Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

4. **Financial Arrangements**: Mr Cook agrees that at the time of the sentencing, he will deliver to the Clerk's Office,

-3-

United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. To the extent that Mr. Cook fails to pay the special assessment at the time of sentencing, he also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr Cook's criminal activities, subject to the provisions of the following paragraph. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

6. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose Mr. Cook's release pending sentencing, the return of his passport and permission to leave the United States, and agrees not to oppose Mr. Cook's request that sentencing in this matter be continued for eighteen (18) months. If Mr. Cook abides by the conditions set forth in this agreement, the United States will not oppose Mr. Cook's motion to withdraw the plea and will enter a *nolle prosequi* in the case at the time of sentencing. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Cook in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Cook does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Cook.

7. **Conditions of Release**: Mr. Cook agrees to abide by all of the following conditions: (1) Mr. Cook shall not violate any federal, state, or local law. If he is arrested on probable cause, Mr. Cook will immediately contact his attorney, who will

-4-

contact the USAO-D.C.; (2) Mr. Cook shall regularly attend school and/or work at a lawful occupation, or shall seek employment; and (3) Mr. Cook will refrain from contacting the victim, directly or indirectly, personally or through another person, for any purpose and in any manner. Mr. Cook will inform Pretrial Service Agency and his attorney about his residence and any change in residence, who will contact the USAO-D.C.

8.    **Breach of Agreement**:  Mr. Cook agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea in a manner other than provided for in Paragraph 6, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Mr. Cook should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Cook's release (for example, should Mr. Cook commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Cook's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Cook will not have the right to move to withdraw the guilty plea; (c) Mr. Cook shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Cook, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Cook has breached this agreement, and if Mr. Cook so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

-5-

9. **Court is not bound**:  Mr. Cook understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty.  The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **USAO's Criminal Division Bound**:  Mr. Cook understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Cook.

11. **Complete Agreement**:  No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Cook, his counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Cook may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Cook. and his counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Barbara E. Kittay
Assistant United States Attorney

-6-

I have read this plea agreement, consisting of five pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10/1/07

_Lewis J Cook_
Lewis Cook
Defendant

I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 10/1/07

Carlos Vanegas, Esquire
Attorney for the Defendant